## EBENEZER HAYDEN vs. BENJAMIN THAYER.

If a note has been executed for the purpose of raising money, and the payee receives it into his possession, but refuses to lend the amount directly to the maker, and an arrangement is then made in the presence of all the parties by which a third person, at the request of the maker, borrows the money from the payee upon his own credit, and receives from him the note, and thereupon delivers the money to the maker, these circumstances are sufficient to authorize the finding of a valid delivery of the note, and an assignment thereof by the payee to such third person.

CONTRACT upon a promissory note of $100, payable to the plaintiff or order, and signed by Levi Mann as principal, and the defendant as surety.

A trial by jury was waived in the superior court, and the case was heard before *Ames, J.* It appeared that one Rowell applied to the plaintiff for a loan of $100, saying that he had promised to lend that sum to Mann. The plaintiff consented, and Rowell went into another room to write a note. Meanwhile Mann came in and presented to the plaintiff the note in suit. The plaintiff said : " No, Mr. Mann, I am not going to lend you the money. I shall not take the note." Rowell, who had returned, said, " Well, I will take it," and gave his own note to the plaintiff, received from him the $100, which he delivered to Mann, and took from the hands of the plaintiff the note in suit. Rowell has since died, and this suit is prosecuted by his administrator, in the name of the plaintiff.

The judge ruled that the note was delivered, so as to be a valid contract, and the delivery of it to Rowell, under the circumstances, amounted to an assignment of it to him ; and found for the plaintiff. The defendant alleged exceptions.

*A. L. Cushing*, for the defendant.

*A. B. Berry*, for the plaintiff.

HOAR, J. The court are of opinion that the finding of the judge who tried the cause was warranted by the evidence, and that the exception taken must be overruled. The evidence showed that Mann was in possession of the note for the purpose of raising money upon it. The payee of the note received

it into his possession, but declined to lend the money directly upon it, preferring the security of Rowell. Rowell thereupon agreed to take the note, and give the plaintiff his own note. He gave the plaintiff his own note, received the money for it, which he immediately passed to Mann, who was one of the promisors; and the plaintiff thereupon passed over to him the note in suit. These facts distinguish the case from that of the *Adams Bank* v. *Jones*, 16 Pick. 573. In this case, the nominal plaintiff consents to allow the suit to be prosecuted in his name, for the benefit of the real party in interest. The makers of this note received the full amount of it in money which came from the payee, and for which they gave no other consideration or equivalent than the note. The evidence seems to us sufficient to justify the conclusion, that the substance of the agreement of the parties was, that the plaintiff should take this note, assign his title to it to Rowell, receive Rowell's note in exchange, and give to Rowell the money to be paid to Mann. This being done as parts of the same transaction, it amounted to an assignment of the note from the plaintiff to Rowell; but as it was not indorsed, the suit is necessarily and properly brought upon it in the name of the plaintiff.

*Exceptions overruled.*